SUCCRS. OF L. VILLAMIL & Co., *S. en C.,* Plaintiff and Appellee, *v.* DOMINGO QUINTANA; Defendant and Appellant.

No. 5815. Argued December 7, 1933.—Decided December 19, 1933.

*González Fagundo & González, Jr.,* for appellant. *William J. Gille-ran* and *Juan J. Fuertes* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Domingo Quintana, defendant in an action on certain promissory notes, appeals from an adverse judgment and says that the district judge erred in attributing probative value to a notarial instrument as evidence of the existence of a limited partnership after expiration of the term specified in the said instrument. See Articles 221, 223, and 228 of the Code of Commerce. (Comp. Stat. 1911, sections 7780, 7782, and 7787). A partnership ceases to exist at the expiration of the term for which it was constituted, so far as the transaction of any new business is concerned but, by the terms of article 228 as construed by the Supreme Court of Spain, it continues to exist for the purpose of collecting debts due and owing to the firm. See decisions of June 23, 1903; March

6, 1900; and October 12, 1888. Section 51 of the Code of Civil Procedure requires that every action shall be prosecuted in the name of the real party in interest, and the district judge did not overestimate the probative value of the instrument in question as evidence of plaintiff's capacity to sue.

On motion of plaintiff, the district court reopened the case after it had been submitted and permitted plaintiff to introduce further evidence. This is assigned as error. The motion was addressed to the sound discretion of the court and we find no abuse of that discretion.

Another contention is that the district court erred in rendering judgment on promissory notes payable, not to plaintiff, but to another legal entity. The notes were payable to *Sucrs. de L. Villamil & Co.* The evidence showed that *Sucrs. de L. Villamil & Co.* and *Sucrs. de L. Villamil & Co., S. en C.* were one and the same. Plaintiff alleged that the notes which were set forth in full in the complaint had been executed in favor of and delivered to *Sucrs. de L. Villamil & Co., S. en C.* Defendant admitted the execution and delivery of the notes in favor of *Sucrs. de L. Villamil & Co.* but denied the identity of payee and plaintiff. Perhaps a more specific averment as to misnomer would have been the better practice but defendant's answer in the form of a denial points to his understanding of the complaint as meaning that the *Sucrs. de L. Villamil & Co.* named in the notes was none other than plaintiff. There was no suggestion of surprise at the trial and appellant concedes that if a misnomer had been alleged the evidence as to the true identity of the payee would not come within the prohibition of the parol evidence rule. In the circumstances an amendment of the complaint during the course of the trial would have been proper if necessary and may now be deemed to have been made.

The fourth ground of appeal is that the district court erred in holding that the action was not barred by limitation. The evidence showed repeated demands for payment

and defendant's promise to pay, in a manner ordinarily sufficient to interrupt the running of the statute but appellant says that he was a surety, that no demand had been made on the principal and that he was entitled to the benefit of any defense that might have been set up by such principal. The argument is based upon a false premise. Quintana signed each of the notes in question as *"fiador solidario y principal pagador de esta obligación."* As between himself and the payee, plaintiff herein, he was not a mere surety but a joint and several obligor.

The error, if any, in sustaining an objection to a certain question, in permitting another question to be put to a certain witness, and in refusing to strike the answer thereto was harmless. The final contention that the district judge erred in weighing the evidence is without merit.

The judgment appealed from must be affirmed.